UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11301-RWZ

WAYNE LUTZ

v.

DUANE MacEACHERN

ORDER
July 21, 2010

ZOBEL, D.J.

After a mistrial, petitioner Wayne Lutz was retried in the Middlesex Superior Court and convicted of rape of a child and assault and battery of a child under fourteen. The Appeals Court affirmed in an unpublished opinion and the Supreme Judicial Court ("SJC") denied petitioner's application for further appellate review. He now seeks habeas relief pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition on the grounds that petitioner has failed to exhaust state remedies in that his arguments to the Appeals Court (and that court's decision) were grounded entirely in state evidence law. [1]

As detailed by the Appeals Court, on the evidence presented, the jury could have found that defendant sexually abused his daughter from the time she was six

---

[1] Petitioner's argument to the Appeals Court concerning the alleged ineffectiveness of counsel did include a reference to Strickland v. Washington, 466 U.S. 668 (1988), but that cannot save his habeas petition as he did not include this issue therein..

years old until he moved when she was 12, i.e. from 1991 until 1997 .  He cautioned her not to tell anyone of their activities with threats to harm her and others if she disobeyed.  She obeyed until December 22, 2002, when she overheard a telephone conversation by her mother.  She heard her mother inquire the identity of the caller and then repeatedly ask "what happened?", "what's going on?", "what?, what?"  Then she heard her mother say "you have a twelve year old daughter" at which point she became very agitated and grabbed the phone and spoke briefly with the caller.  The mother terminated the call and her daughter told her about the sexual abuse by her father, the petitioner.  The daughter testified at the trial that when she learned that a twelve year old girl was living with her father, she disclosed her experience with him out of concern for the girl.  Over defendant's objections, the trial court admitted the testimony of both mother and daughter about the telephone incident and conversation for a limited purpose, namely, to explain the daughter's state of mind and, specifically, why, after a five-year silence, she informed her mother and shortly thereafter,  the police.

     The trial judge gave a limiting instruction which explained that rationale and limited purpose to the jury.  The judge also admonished the jurors that they had to determine whether the testimony was credible both as to what had been said and how the daughter reacted.

     Petitioner raises four grounds in support of his claim, all of which  revolve around the admission into evidence of the telephone conversation.  He claims violations of his rights under the Fifth and Fourteenth Amendments by (1) the admission of the telephone evidence; (2) the judge's limiting instruction; (3) a police

officer's testimony detailing the process of his investigation; and (4) the cumulative effect of these alleged errors. He presented to the Appeals Court on direct review of his conviction all of these issues plus claims of ineffective assistance of counsel and improper admission into evidence of childhood photos of the daughter. The last two issues are not before me as petitioner did not include them in the application for habeas corpus.

The habeas statute, 28 U.S.C. § 2254 (b)(1), states that an application for a writ of habeas corpus "shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State...." Exhaustion in this context means that the petitioner "fairly and recognizably presented to the state courts the factual and legal bases" of his federal claim before seeking federal review. Adelson v. DiPaola, 131 F.3d at 259, 262 (1st Cir. 1997). Petitioner here, citing the statute, asserts that he has both raised and exhausted a federal claim. He contends that the evidentiary ruling and limiting instruction constituted not merely error, but "egregious error that effected (sic) [his] due process, deprived him of equal protection of the law and his right to a fair trial....State remedies are exhausted." Even were petitioner correct that the effect of the state court decisions was to deprive him of due process and a fair trial in violation of the United States Constitution, his briefs to the Appeals Court and the SJC did not include a single argument that either expressly or implicitly called into question these federal constitutional defects in his trial.[2] See Rose v.

---

[2] While petitioner did present to the state courts his federal claim of ineffective assistance of counsel, he did not, as noted earlier, present it here and I do not, therefore, address it nor include it in considering the contents of his briefs.

3

<u>Hodges</u>, 423 U.S. 19, 21 (1975) (in conducting federal habeas review, a federal court is limited to deciding whether a conviction violated federal laws, the United States Constitution or treaties).  <u>See also</u> 28 U.S.C. § 2241(c)(3).  To both courts he instead argued the propriety of the challenged testimony entirely on the basis of state evidence law; and the opinion of the Appeals Court is grounded entirely in state evidence law. <u>See</u> <u>Estelle v. McGuire</u>, 402 U.S. 62, 67 (1991) (errors of state law cannot furnish a basis for federal habeas relief; "federal habeas corpus relief does not lie for errors of state law").

Petitioner's third ground, the admission of a police officer's testimony detailing his investigation similarly fails as it was not included in his brief to the Appeals Court, but submitted by letter and, apparently, oral argument.  It, too, relies only on state evidentiary rules.  The Appeals Court did not address it, and it is not cognizable now as it does not implicate any federal constitutional protections.

Because petitioner had exhausted none of the separate grounds for relief, he cannot prevail on the last ground which also relies on state law to argue that the cumulative effect of all the alleged errors was to create a substantial miscarriage of justice.

The motion to dismiss the petition is allowed.  Judgment may be entered accordingly.

    July 21, 2010                                            /s/Rya W. Zobel

DATE                                                              RYA W. ZOBEL
                                                         UNITED STATES DISTRICT JUDGE